Charles C. COHN, Samuel L. Cohn and Samuel L. Cohn and Charles C. Cohn, a Partnership, doing business as Colonial Alloys Company, Plaintiffs,

v.

COMMISSIONER OF PATENTS, Defendant.

Civ. A. No. 182-64.

United States District Court
District of Columbia.

Feb. 11, 1966.

William A. Smith, Jr., Smith, Michael, Bradford & Gardiner, Washington, D. C., George J. Harding, III, George A. Smith, Busser, Smith & Harding, Philadelphia, Pa., for plaintiffs.

Joseph Schimmel, Acting Sol., S. William Cochran, Washington, D. C., of counsel, for defendant.

JACKSON, District Judge.

This is a civil action under 35 U.S.C. § 145 in which the plaintiffs, Charles C. Cohn, Samuel L. Cohn, and Samuel L. Cohn and Charles C. Cohn, a partnership doing business as Colonial Alloys Company, seek to have the Court adjudge that they are entitled to receive a patent for the invention specified in Claims 1 to 10 of the patent application of Charles C. Cohn, Serial No. 92,156, filed February 28, 1961, entitled "Treatment of Coatings." This application is a continuation-in-part of Serial No. 836,056, the application in suit in concurrent Civil Action No. 181-64, D.C., 251 F.Supp. 435.

The application in suit relates to a method of treating aluminum oxide coated aluminum or aluminum-base alloys to produce increased resistance to corro-

sion, especially by alkali, comprising a first treatment to effect partial hydration of the oxide coat by applying water, which may advantageously contain in solution a material capable of effecting partial filling of the pores of the oxide coating, and a second treatment with an aqueous solution of an alkali metal silicate, such as sodium silicate.

The Tosterud patent, No. 2,008,733, discloses a process for treating oxide coated aluminum surfaces comprising a first treatment with sodium silicate, which is said to "increase the corrosion resistance of the coating," and a second treatment by immersion in an aqueous solution of a salt of a weak metallic base, such as nickel acetate. Plaintiffs admit that the said second treatment disclosed by Tosterud anticipates the first treatment step in their claimed process.

Treatment of oxide coated aluminum surfaces with silicate solution was known, before Charles C. Cohn devised the claimed method, to provide effective resistance to acid and salt corrosion and to provide somewhat better protection against alkali corrosion than other treatments. It was also known that the silicate treatment could not be used on dyed oxide coated surfaces because it would remove the dye. Those skilled in the art had the further knowledge that, when a silicate is used in sealing oxide coated aluminum surfaces, the silicate not only enters the pores but forms a coating on the surface as well.

Treatment of oxide coated aluminum surfaces with a solution of nickel acetate was known, before Charles C. Cohn devised the claimed method, to provide effective resistance to corrosion by acids and salt. It was also known that the nickel acetate treatment would increase the ability of a dyed oxide coating to retain color under the action of solvents.

It would have been obvious to those ordinarily skilled in the metal finishing art that, in a process for sealing dyed oxide coated aluminum involving treatments both in a silicate solution and a nickel acetate solution, the nickel acetate treatment should precede the silicate treatment. It would have been obvious, therefore, to reverse the sequence of steps disclosed by the Tosterud patent when sealing dyed surfaces, in order to avoid removal of the dye by the silicate.

It would have been obvious to those ordinarily skilled in the metal finishing art that, in a two step sealing process involving a silicate treatment and another known sealing treatment such as an acetate seal, using the silicate treatment last would be the more effective sequence for increasing corrosion resistance because the silicate treatment was known to apply a protective coating to the surface, although using the acetate sealing treatment last might be more effective for sealing purposes alone.

The differences between the subject matter of Claims 1 to 9 of the application in suit and the prior art are such that the subject matter as a whole would have been obvious, at the time Charles C. Cohn devised his claimed method, to a person having ordinary skill in the metal finishing art.

Claim 10, unlike claims 1 to 9, includes no general limitation to the effect that the first chromate treatment is carried out only to the extent of effecting "partial hydration," rather than complete sealing, of the oxide coating.

In view of the statement in the specification of the application in suit that treatment of oxide coated aluminum with a dichromate solution "will produce a rather impermeable seal" and that such solutions must be applied "under conditions which will not result in impermeability," Claim 10 is broad enough to read on processes which are inoperative for the disclosed purpose.

 It is obvious and unpatentable under the provisions of 35 U.S.C. § 103 to reverse the sequence of steps in a known process when the prior art clearly suggests that there would be an advantage in the reversed sequence. Claims 1 to 9 of the application in suit are, accordingly, obvious and unpatentable under 35 U.S.C. § 103. See In re Welter, 255 F.2d 944, 45 CCPA 1034 (1958).

■ Under 35 U.S.C. § 112, it is necessary that a patentable claim to a process include at least general references to the conditions essential to operability of the process, and references to those essential reaction conditions in the specification alone does not satisfy that requirement. Exact time and temperature reaction conditions, however, need not necessarily be specified in process claims.

■ Claim 10, because it fails to particularly point out and distinctly claim the subject matter which applicant regards as his invention, is unpatentable under the provisions of 35 U.S.C. § 112.

Plaintiffs are not entitled to a patent containing any of Claims 1 to 10 of the patent application of Charles C. Cohn, Serial No. 92,156, filed February 28, 1961.

The Complaint should be dismissed.